**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GERALDINE CUSTARD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-04-1882 |
| | § | |
| ALIEF INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND OPINION**

Plaintiff, Geraldine Custard, sued her former employer, the Alief Independent School District ("AISD"), alleging discrimination on the basis of a disability, in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. § 12101 *et seq.* Custard alleged that AISD fired her after she was injured on the right side of her body while working as a school bus driver. AISD has moved for summary judgment. Custard has not filed a response. Based on the motions and responses; the pleadings; the summary judgment record; and the applicable law, this court GRANTS AISD's motion for summary judgment and, by separate order, enters final judgment. The reasons are set out below.

**I.     Background**

Custard worked as a school bus driver for AISD from 1998 to 2003. On Friday, August 23, 2002, Custard tried to open the door of a bus and injured her right side. Most of the buses in the AISD fleet had manual doors. After subsequent injuries, Custard was placed

on medical leave. When she was released to return to work, she was restricted from opening manual doors on the buses. AISD offered her a transitional light-duty position as a bus monitor, which she accepted.

The evidence is undisputed that AISD requires all bus drivers to be able to lift fifty pounds as a condition of employment. AISD considers this an essential job function for bus drivers, because of safety; a bus driver must be able to lift children if needed in emergencies. Yearly physical examinations are required to ensure that drivers can meet this requirement. The requirement is set out in the AISD job description for bus drivers. It is also undisputed that a bus monitor position is temporary, reserved for drivers who have been on disability leave and require light-duty work for a period. AISD policy limits such light-duty positions to ninety days. AISD policy also allows employees a maximum of 180 days for a leave of absence.

On February 3, 2003, AISD placed Custard on medical leave because she had been on light-duty assignment as a bus monitor for ninety days and had not obtained a full-duty release from her doctor. Custard talked to the AISD deputy superintendent about obtaining one of five new positions as an attendant on a special education bus. AISD has presented competent summary judgment evidence that the attendant position requires the ability to lift fifty pounds, not only for safety in the event of an emergency, but because of the need to assist disabled students who would routinely ride the buses. The assistant superintendent for human resources, Dr. Rose Hernandez, told Custard that she had to pass a physical examination before she could be approved for the attendant position. Hernandez arranged

for Custard to have a physical, but she could not take the physical without a release from her doctor, and she did not get the necessary release. As a result, she did not take the physical and did not get the attendant position. Custard could not continue as a bus monitor because she had used the allotted ninety days. She could not resume her prior job as a bus driver because she could not meet the lifting requirement and because she had used up her allotted total of 180 days of leave. She was discharged.

Custard filed administrative grievances seeking reinstatement, which were unsuccessful. She was offered a position as a crossing guard or day care aide for the 2003-2004 school year, but did not pursue them, or other possible positions that did not require the ability to lift fifty pounds. In August 2003, Custard filed an EEOC charge of discrimination, stating that she had not been required to lift fifty pounds when she was a bus driver and did not know of other drivers or monitors who had to do so. This lawsuit followed.

## II. The Applicable Legal Standards

### A. The Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. Under FED. R. CIV. P. 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). If the burden of proof at trial lies with the nonmoving party, the movant may either

(1) submit evidentiary documents that negate the existence of some material element of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate the evidence in the record insufficiently supports an essential element or claim. *Celotex*, 477 U.S. at 330. The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, but need not negate the elements of the nonmovant's case. *Bourdeaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). "An issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir.2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the moving party fails to meet its initial burden, the motion for summary judgment must be denied, regardless of the nonmovant's response. *Baton Rouge Oil & Chem. Workers Union v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).

When the moving party has met its Rule 56(c) burden, the nonmoving cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. The nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim. *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 305 (5th Cir. 2004). The nonmovant must do more than show that there is some metaphysical doubt as to the material facts. *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003).

In deciding a summary judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002); *Anderson,* 477 U.S. at 255. "Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (quoting *Celotex*, 477 U.S. at 322).

B.   **The ADA Claims**

A *prima facie* case of disability discrimination under the ADA requires a plaintiff to plead facts showing that she is a "qualified individual" with a "disability" as defined by the ADA and that an adverse employment decision was made because of the disability. *See Holtzclaw v. DSC Communications Corp.*, 255 F.3d 254, 258 (5th Cir. 2001); *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999).

Section 12112(a) of the ADA states:

> No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

42 U.S.C. § 12112(a).

If the plaintiff makes a *prima facie* showing, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory reason for its actions. *Gowesky v.*

*Singing River Hosp. Sys.*, 321 F.3d 503, 511 (5th Cir. 2003); *see Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 881 (5th Cir. 2003)*; Sherrod v. American Airlines, Inc*., 132 F.3d 1112, 1122 (5th Cir. 1998). If the defendant satisfies this burden, the plaintiff must show that the proffered reasons are pretextual. *Gowesky*, 321 F.3d at 511. The question on summary judgment is whether there is a conflict in substantial evidence to create a jury question regarding discrimination based on a disability. *See Gowesky*, 321 F.3d at 512. If the claim reaches the pretext stage, the issue is whether the totality of the evidence, including the evidence raised at the *prima facie* case and pretext stages, raises a genuine issue of material fact as to whether defendant fired plaintiff because of a reason prohibited by the ADA. *See Calbillo*, 288 F.3d at 725; *Anderson*, 477 U.S. at 255.

**III.    Analysis**

    **A.    Disability**

Custard's disability-based discrimination claim under the ADA requires that she demonstrate that she is a qualified individual with a disability. *See* 42 U.S.C. § 12112(a); *see also Hoffman v. Caterpillar, Inc*., 256 F.3d 568, 571-72 (7th Cir.2001). A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). An individual has a "disability" within the meaning of the ADA if she (1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) has a

record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102(2).

A disability is defined under the ADA as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual . . . ." 42 U.S.C. § 12102(2). The United States Court of Appeals for the Fifth Circuit has recognized that "[t]he determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual." *Taylor*, 93 F.3d at 164 (quoting 29 C.F.R. § 1630.2(j), App. (1995)); *see also Christian v. St. Anthony Med. Ctr., Inc.*, 117 F.3d 1051, 1053 (7th Cir.1997) ("The Act is not a general protection of medically afflicted persons."). To claim the protection of the ADA, plaintiffs must come within the coverage of the statutory definition of disability. *Nawrot v. CPC Int'l*, 277 F.3d 896, 903 (7th Cir. 2002). AISD asserts that Custard is not disabled because she has no substantial limitation of major life activities as a result of her diabetes. (Docket Entry No. 25, p. 7). In *Bragdon v. Abbott*, 524 U.S. 624 (1998), the Supreme Court set forth a three-part analysis to determine whether a plaintiff has shown that she is substantially limited in a major life activity, which asks: (1) whether the condition alleged constitutes a physical or mental impairment; (2) whether that impairment affects a major life activity; and (3) whether the impairment operates as a substantial limit on the major life activity asserted. *Id.* at 632-42.

Custard's physical impairment – the injury that limited her ability to lift heavy objects – is not, as a matter of law, substantially limiting as the statute requires. To be substantially limiting, the impairment must make the individual "[u]nable to perform a major life activity that the average person in the general population can perform" or "[s]ignificantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 480 (1999). The November 2002 Functional Capacity Evaluation showed that Custard was able to lift forty pounds. She was released to work in a "light" category, which in FCE terms means that she could lift twenty pounds occasionally and ten pounds frequently. In her interrogatory answers, she stated that it was difficult to lift heavy objects over her head. She described herself as "very limited" in pushing a vacuum cleaner, and stated that it was "bothersome" to do unspecified "repetitive motions." The case law is clear that an inability to lift weights over forty pounds is not substantially limiting in a major life activity. *See, e.g., Sherrod*, 132 F.3d 1112 (inability to lift heavy weights not a substantial limitation on a major life activity); *Marinelli v. City of Erie, Pa.*, 216 F.3d 354 (3d Cir. 2000) (ten-pound limit on lifting did not make plaintiff substantially limited from working). The summary judgment evidence shows that Custard is not disabled under the ADA.

**B.     A Qualified Individual**

AISD presented competent summary judgment evidence that Custard's inability to lift fifty pounds made her unable to perform the essential functions of her job. Only a qualified individual, who is able to perform the essential functions of the job at issue, may assert a claim under the ADA. The evidence is undisputed that the ability to lift fifty pounds was an essential function of both the bus driver position that Custard previously held and the special education bus attendant position that she tried to obtain. Custard's failure to complete the physical examination that would have shown that she could meet this requirement is in itself enough to show that she was not a "qualified individual" under the ADA. *See Giles v. General Electric Co.*, 245 F.3d 474, 486 (5th Cir. 2001); *Peters v. City of Mauston*, 311 F.3d 835 (7th Cir. 2002).

**C.     Reasonable Accommodation**

Discrimination under the ADA includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee," unless an accommodation would create an "undue hardship" on the employer's business operations. 42 U.S.C. § 12112(b)(5)(A). The record precludes any claim that AISD should have reinstated Custard to the bus driver position and allow her to use one of the few buses equipped with a push-button door as an accommodation to the effects of her injury. The undisputed summary judgment evidence is that AISD required drivers to be able to lift fifty pounds not only to open manual bus doors, but to be able to lift children in the event of emergencies. The undisputed summary

judgment evidence is also that such buses were in short supply, intended for use on long trips (the buses had air conditioning, unlike most of the fleet), and that allowing Custard to use one of these buses on a full-time basis would have imposed an undue hardship on AISD.

### D. Pretext

AISD argues that Custard was fired for legitimate, nondiscriminatory reasons – the inability to meet the essential functions of the bus positions and exceeding the maximum allotted leave – and that she has failed to raise a fact issue as to pretext. (Docket Entry No. 25, pp. 11-14). Under the *McDonnell Douglas* framework, the plaintiff bears the initial burden of establishing a prima facie case of intentional discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973); *see Gowesky*, 321 F.3d at 511 ("[In] a case brought under the Americans With Disabilities Act where only circumstantial evidence is offered to show the alleged unlawful discrimination, we apply the *McDonnell Douglas*, Title VII burden-shifting analysis."). Once the plaintiff establishes a *prima facie* case, a legal, rebuttable presumption of discrimination arises, and the burden of production then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employment action. *Gowesky*, 321 F.3d at 511. If the employer satisfies that burden, the presumption of discrimination extinguishes, and the burden shifts back to the plaintiff to persuade the trier of fact either directly that a discriminatory reason more likely motivated the action or indirectly that the employer's articulated reason for the employment action is unworthy of credence, because it is a mere pretext for intentional discrimination. *Gowesky*, 321 F.3d at 511; *see, e.g., Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253-56 (1981). At all

times, the ultimate burden of persuasion remains with the plaintiff. In the third stage, the plaintiff's "burden" under the *McDonnell Douglas* framework "merges with the ultimate burden of persuading the court that she has been the victim of intentional discrimination." *Burdine*, 450 U.S. at 256; *see United States Postal Serv. Bd. of Governors v. Aikens*, 460 U.S. 711, 714-15 (1983). At this point the *McDonnell Douglas* framework, with its presumptions and shifting burdens, is no longer relevant. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142-43 (2000); *St. Mary's Honor Center v. Hicks,* 509 U.S. 502, 510 (1993). The third step simply returns the plaintiff to the position she was in originally, proving intentional discrimination. *See Hicks*, 509 U.S. at 511 (stating that the *McDonnell Douglas* framework "simply drops out of the picture").

The record shows that Custard was not released from her doctor to full duty, her maximum allotted leave was exhausted, and she had not shown an ability to lift fifty pounds. The evidence shows that after she was injured, she was placed on leave, then put in a light-duty monitor position, then offered other positions that did not require lifting. No evidence in the record raises an inference that she was terminated as a result of discrimination based on a disability. In short, all the requirements for summary judgment are met.

## V.     Conclusion

The motion for summary judgment is granted. Final judgment is entered by separate order.

SIGNED on August 16, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge